IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Albert Lawson and Kelly Lawson, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 4:09-cv-1291-TLW |
| | ) |
| Nationwide Mutual Fire Insurance Company, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This action was removed to this Court from the Court of Common Pleas for Florence County, South Carolina on May 18, 2009. (Doc. #1). The defendant filed a motion for summary judgment on December 4, 2009. (Doc. #12). The plaintiffs filed a response in opposition to the motion for summary judgment on December 21, 2009. (Doc. #13). The defendant then filed a reply on December 23, 2009. (Doc. #14). The defendant supplemented its initial motion on March 10, 2010. (Doc. #16).

## FACTS

This action concerns coverage under a homeowners' insurance policy issued by defendant Nationwide Mutual Fire Insurance Company ("Nationwide") to homeowners Albert and Kelly Lawson ("plaintiffs"). The record indicates that the plaintiffs discovered water intrusion in the kitchen of their home in May of 2008. The parties appear to agree that the source of the water was a damaged water line that ran under the kitchen floor and supplied water to an icemaker located in the plaintiffs' freezer. Nationwide sent a claims adjuster to inspect the damage shortly after the plaintiffs reported the damage to the insurer. The insurance policy covering the plaintiffs' home

covered "**accidental discharge or overflow of water** or steam from within a plumbing, heating, air conditioning or automatic fire protection sprinkler system or from within a **household appliance**." (Ins. Policy at p. C2, Doc. #12) (emphasis added). However, the policy contained an exclusion for damage "due to **continuous or repeated seepage or leakage of water**, steam or moisture which occurs over a **period of time** and results in deterioration, corrosion or rust." (Ins. Policy at p. C2, Doc. #12) (emphasis added).[1]

After investigation, Nationwide denied the plaintiffs' claim for repair of the damage caused by water intrusion. Nationwide based the denial on its adjustor's conclusion that the water intrusion caused by the damaged icemaker supply line had been continuous, and therefore the policy exclusion excluding coverage for "damage caused by continuous or repeated seepage or leakage of water, steam or moisture which occurs over a period of time" precluded coverage for the plaintiffs' claim. The plaintiffs dispute that the damage was caused by a "continuous" water leak, and contend that the policy exclusion does not apply to their insurance claim. The plaintiffs have filed this action raising a cause of action for breach of contract and a cause of action for bad faith refusal to pay an insurance claim.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the defendant is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

---

[1] See also (Ins. Policy at p. D3(e)) (specific property exclusions include an exclusion for "continuous or repeated seepage or leakage of water or steam over a period of time from a heating, air conditioning or automatic protective sprinkler system; household appliance; or plumbing system that results in deterioration or rust.")

2

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the party seeking summary judgment, the defendant bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires that the defendant identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the defendant bears this initial responsibility, the plaintiffs, as the nonmoving party, must then produce "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 317. In satisfying this burden, the plaintiffs must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the plaintiffs must produce evidence on which a jury could reasonably find in their favor. See Anderson, 477 U.S. at 252.

In considering the defendant's motion for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the plaintiffs as the nonmoving party. See Miltier v. Beorn, 869 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

## DISCUSSION

The analysis applicable to the plaintiffs' claim for breach of contract and the plaintiffs' claim for bad faith refusal to pay is closely related in this action. Both claims are dependent on issues of

3

material fact which remain in dispute at this stage in the proceedings. With regard to the first cause of action for breach of contract, the plaintiffs have disputed the defendant's finding that the damage to their home was caused by a "continuous" water leak. The applicability of the policy exclusion cited by Nationwide is dependent upon determination of the underlying question of fact regarding whether the water damage to the plaintiffs' home was caused by a "continuous" or by a sudden leak. The defendant has presented evidence from which a jury could potentially conclude that the damage was caused by a continuous leak. However, the plaintiffs have proffered evidence which contradicts this conclusion. This question of fact is appropriate for resolution by the finder-of-fact at trial, and the Court cannot grant summary judgment for the defendant as a matter of law on the plaintiffs' first cause of action for breach of contract. The defendant's motion for summary judgment as to the plaintiffs' first cause of action is **DENIED**.

The defendant also seeks summary judgment on the plaintiffs' second cause of action for bad faith refusal to pay an insurance claim. In South Carolina, the elements of a claim for bad faith refusal to pay first party benefits under a contract of insurance include: "(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 582, 586 (1994) (citing Crossley v. State Farm Mut. Auto. Ins., 415 S.E.2d 393, 396-97 (1992)). The record reflects that the dispute in this action relates primarily to the third requirement that the insurer's refusal to pay must be unreasonable or in bad faith to support a claim for relief. Again, Nationwide has submitted evidence suggesting that the refusal to pay the plaintiffs' claim was

reasonable and in good faith. However, the plaintiffs dispute that the evidence conclusively establishes that Nationwide's conduct was reasonable and in good faith. Other South Carolina courts facing a dispute over the reasonableness of an insurer's refusal to pay benefits have submitted the issue of reasonableness to a jury for determination. Varnadore v. Nationwide Mut. Ins. Co., 345 S.E.2d 711, 713-14 (1986) (insurer not entitled to directed verdict although insurer argued that its own investigation showed a reasonable basis to deny the claim, court noted that allowing directed verdict would "bind . . . insured to the findings and conclusions of the insurer's own independent investigation . . . effectually insulate the insurer from liability . . . and . . . foreclos[e] a jury's consideration of the insured's evidence of bad faith."); see also Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 582;, 451-52 (1994) (trial judge did not err in submitting question of whether insurance company's refusal to pay benefits was unreasonable to a jury). The Court concludes that the dispute regarding the reasonableness of Nationwide's denial of coverage must be resolved by the finder-of-fact. For this reason, the defendant's motion for summary judgment as to the plaintiffs' second cause of action is **DENIED**.

## CONCLUSION

For the reasons set forth herein, the defendant's motion for summary judgment is, hereby, **DENIED**. (Doc. #12).

**IT IS SO ORDERED**.

                                               s/ Terry L. Wooten
                                         United States District Judge

May 3, 2010
Florence, South Carolina